UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:17-cv-61942-GAYLES/SELTZER

SZS SOLUTIONS, INC.,

    Plaintiff,
v.

BROTHER INTERNATIONAL
CORPORATION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint (the "Motion") [ECF No. 8]. The Court has reviewed the Motion, the record, and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

### I. BACKGROUND

Plaintiff SZS Solutions, Inc. ("Plaintiff"), brings this action against Brother International Corporations, ("Brother") for defamation. Plaintiff sells a variety of products through online retail marketplace Amazon.com ("Amazon"), including toner cartridges manufactured by Brother. Plaintiff contends that Brother did not want Plaintiff re-selling its toner cartridges due to Brother's desire to control the toner market. Plaintiff alleges that on or about May 9, 2017, Brother falsely informed Amazon through a "take-down notice"[1] that Plaintiff had infringed on its intellectual property, knowing that Amazon would remove SZS listings of Brother products. In turn, Amazon removed all SZS listings for Brother products. Plaintiff responded to Amazon

---

[1] A "take-down notice" refers to a notice sent by a copyright holder under the Digital Millennium Copyright Act ("DMCA") safe-harbor provision, 17 U.S.C. § 512(c)(1)(C), which informs a website operator that its website contains infringing material.

1

and Brother advising that there had not been any infringement and seeking clarification from Brother as to what it believed the infringement had been. After Brother failed to substantiate its claims of infringement, Amazon reinstated Plaintiff's listings of Brother products. Plaintiff alleges that on or about September 12, 2017, Brother again falsely informed Amazon that Plaintiff had infringed on its intellectual property, resulting in a second removal of Plaintiff's listings of Brother products.

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Bishop v. Ross, Earle & Bonan, P.A.,* 817 F.3d 1268, 1270 (11th Cir. 2016).

While a federal court sitting in diversity applies a state's substantive law, it need not adhere to a state's pleading standard. Instead, a federal court sitting in diversity follows the standards set forth in Federal Rule of Civil Procedure 8(a). *Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir. 1986). In contrast to Florida's heightened fact-pleading standard, a well-pleaded complaint under Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. (citing Fed. R. Civ. P. 8(a)(2)); *see also Greif v. Jupiter*

*Med. Ctr., Inc.,* No. 08-80070-CIV-MARRA, 2008 WL 2705436, at *5 (S.D. Fla. July 9, 2008*)*.

## III. DISCUSSION

Brother moves to dismiss the Complaint arguing that Plaintiff has failed to state a claim for defamation. To state a claim for defamation, a plaintiff must allege that (1) the defendant published a false statement; (2) about the plaintiff; (3) to a third party; (4) proximately damaging the plaintiff. *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 (S.D. Fla. 2006) (citing *Valencia v. Citibank Int'l*, 728 So. 2d 330, 330 (Fla. 3d DCA 1999)). Brother argues that Plaintiff has failed to state a claim because the Complaint does not set forth the identity of the speaker, the content of the alleged defamatory statement, the timeframe of publication, and the manner of damage to the plaintiff.

Defendant relies heavily on *Five for Entertainment S.A. v. Rodriguez,* 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012), which dismissed a defamation claim because the plaintiff failed to identify the defamatory statement, its context, when it was made, and the speaker. However, the Court finds several distinguishing facts between *Five for Entertainment* and the instant case and is therefore unpersuaded by Defendant's argument. Here, Plaintiff has supplied a majority of the information that was absent in *Five for Entertainment*. Plaintiff identified the defamatory statements as Brother's false reports to Amazon that Plaintiff was infringing on its intellectual property. [ECF No. 1 ¶¶ 13-17]. Plaintiff provided May 9, 2017 and September 12, 2017 as the dates around which the purported defamatory statements were made. [*Id.* at ¶¶ 15, 27]. Plaintiff identified the Defendant as the party that made the defamatory statements. [*Id.* at ¶¶ 15, 17]. Finally, Plaintiff referenced the loss of sales, when Amazon froze Plaintiff's listings of Brother products, and the injury to Plaintiff's reputation with Amazon, when Amazon threatened to remove all SZS listings from its website, as the damage suffered. [*Id.* at ¶¶ 32, 33].

The Court is similarly unpersuaded by Brother's assertion that the failure to attach a copy

3

of the defamatory statement is fatal to Plaintiff's claim. It is not required in cases such as this where a plaintiff is unable to obtain an exact copy of the statement and the allegations are otherwise sufficient to put the defendant on notice as to the substance of the claimed defamatory statement. *See Ward v. Triple Canopy, Inc*., No. 8:17-CV-802, 2017 WL 3149431, at *3 (M.D. Fla. July 25, 2017) (rejecting argument that defamation claim should be dismissed for failure to attach defamatory statement and finding that "while [plaintiff's] complaint is certainly not a model of clarity, it is sufficient to give [defendant] fair notice of the substance of the alleged defamatory statements"); *see also Walter v. Jet Aviation Flight Servs., Inc.,* No. 9:16-CV-81238, 2016 WL 7116641, at *1 (S.D. Fla. Dec. 7, 2016) ("While certain portions of [plaintiff's] narrative lack specificity, the [plaintiff] has also explained in the [complaint] by implication why that is so. In sum, [plaintiff] has alleged enough factual content to raise his right to relief above a speculative level….") (internal citation omitted). Here, Plaintiff's Complaint noted several unsuccessful attempts to communicate with both Amazon and Brother in an effort to obtain the relevant communications, which explains why the defamatory publication was not attached. [ECF No. 1 ¶¶ 21-23, 25].

While the Court agrees that attachment of the defamatory material facilitates assessing the facial plausibility of a complaint, it is a mischaracterization of *Five for Entertainment* to assert that courts require such an attachment. In fact, *Five for Entertainment* explicitly states that a complaint "does not need detailed factual allegations," but rather must provide the general grounds for plaintiff's entitlement to relief. *Five for Entm't S.A.,* 877 F. Supp. 2d at 1326.

In this case, Plaintiff's original complaint satisfied the liberal pleading standard required by *Iqbal*: the Complaint described the allegedly defamatory statement and stated when it was communicated to Amazon by Brother. The information in the Complaint is sufficient to give Brother fair notice of the basis of Plaintiff's claim. Therefore, Rule 8(a) is satisfied.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 8] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of June, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE